STEVENS v. MITCHELL.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1915.)

No. 1791.

PATENTS ☞328—INFRINGEMENT—COMBINED LETTER SHEET AND ENVELOPE.
The Mitchell reissue patent No. 12,675 (original No. 827,809), for a combined letter sheet and envelope, designed also to hold and carry an inclosure, claims 1 and 7, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by John T. H. Mitchell against Roderick G. Stevens. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 183 Fed. 782.

Edward Rector, of Chicago, Ill., for appellant.
Charles Gilbert Hawley, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

MACK, Circuit Judge. This is an appeal from a decree holding claims 1 and 7, the only ones in suit, of reissued letters patent No. 12675, for a combined letter sheet and envelope valid and infringed by a mailing folder manufactured by appellant under and in accordance with his letters patent No. 892,461.

The claims read as follows:

"1. A combined letter sheet and envelope, comprising a transversely scored sheet of thick paper or cardboard having upper and lower flap portions and an intermediate portion, said portions adapted to be folded together, and, when folded, forming an open-ended envelope, and one of said flap portions being formed to receive an inclosure and hold it against endwise movement in the envelope thus formed, substantially as described."

"7. A device of the class specified, comprising a folded letter sheet provided with a cross-slot, a postal inserted in said slot, and a sticker holding said letter in closed condition."

In view of the conclusions reached on the question of infringement, it is unnecessary to determine the validity of either of these claims. Appellee's device, both as described in the patent in suit and as utilized commercially, is an advertising folder designed to go through the mail for one cent postage although giving the appearance of a sealed communication, and containing, not only printed or written matter on the inside of the folder itself, but some article carried within the folder. The articles so to be carried are not, however, either by the terms of the patent or by the actual commercial use, confined to return postal cards, but may be anything whatsoever, and, in actual practice, have been business cards, catalogues, price lists, etc., as well

as return postal cards. The desired aim of holding the inclosure fast when the folder is sent by mail was secured by the method of folding the envelope into three parts and by providing a slit in either the upper or the lower of these parts.

While the language of the seventh claim, unlike that of the first claim, does not confine this slit to the upper or lower flap, it is obvious from the specifications and it is conceded by appellee's experts that his specific purpose could be accomplished only by a device in which the slit was either in the upper or the lower flap; the flap which, when the envelope was closed and sealed or fastened, would be on the inside. Obviously, anything inserted in a single slit on the intermediate portion of the envelope would have no protection against falling through, even though it could be held in place endwise if the slit was, as designed, narrower than the intermediate portion.

Claim 7 must therefore, in our judgment, be confined, as the other claims expressly are, to a device in which the slit is in the upper or lower flap and not in the intermediate portion, inasmuch as it is perfectly clear, both from the specifications, the drawings, and the device in actual use, that appellee's conception and invention did not include any means of firmly holding the inclosure endwise other than that produced by the single slit. State Bank v. Hillmans, 180 Fed. 732, 104 C. C. A. 98.

Appellant's device, in our judgment, was not a mere improvement on appellee's, but was distinctly different, and was designed to serve a narrower and different purpose. The inclosure, which is expressly confined to a return postal card, was designed to be held in place endwise, not merely at a single point at each end of the slit, but by a bandlike arrangement produced by a double slit and operating in exactly the same way as would a separate band pasted on the sheet. Even if this were the only or essential function of the double slit, it would differ from and have the advantage over appellee's device, in that it could be made on the intermediate part of the folder as well as on either flap. While this would ordinarily be no advantage if the folder were to be mailed, inasmuch as a part of the inclosure would thereby be exposed to view, it would be an advantage, if, as appellant contends, the folders were to be placed in boxes, so that passers-by could take them, as well as to be mailed; for in that case appellant's inclosures would be held firmly lengthwise as well as endwise by the two flaps, whereas appellee's inclosures, protected lengthwise only by one flap, would drop out at the bottom unless the outer flap were in some way sealed. While the seventh as well as other claims not now in suit provided for a seal or sticker, the first claim contains no such element.

But the function of appellant's double slit is not primarily to create a different method of holding the inclosure firmly endwise, but while so holding it, to expose a part thereof. And while, ordinarily, the exposure of a part of an inclosure contained in an envelope designed to pass through the mails would be a disadvantage, when that inclosure is limited, as in appellant's device, to a return postal card, and the exposed portion is designed to show the addressee's name and address, the advantage is obvious in an advertising scheme. By the

use of appellant's device the sender saves writing the intended recipient's address on the envelope, utilizing for this purpose the same name and address on the return postal, placed there obviously in order to save the recipient time and trouble, and thereby more readily induce him to use it.

While neither a double slit in place of a single slit, nor the slit of the intermediate portion in place of one of the flaps, would escape the charge of infringement, if such change were designed merely to avoid a prior patent, and if thereby no really different construction were made and no new function served, we are of the opinion that appellant's device does not infringe on appellee's, because, in our judgment, the construction, the purpose thereof, and the functions served thereby are distinctly different.

The decree must therefore be reversed, with directions to dismiss the bill for want of equity.